# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER<br>1718 Connecticut Ave., N.W.<br>Suite 200<br>Washington, DC 20009<br><br>       Plaintiff,<br><br>       v.<br><br>THE UNITED STATES FEDERAL TRADE<br>COMMISSION<br>600 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20580<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No._____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"),

5 U.S.C. § 552 (2007), for injunctive and other appropriate relief, seeking the release of agency

records requested by the Electronic Privacy Information Center from the United States Federal

Trade Commission.

### Jurisdiction and Venue

2.      This Court has subject matter jurisdiction over this action and personal jurisdiction

over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) (2007) and 5 U.S.C. § 552(a)(6)(C)(i) (2007).

This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (2007).  Venue is

proper in this district under 5 U.S.C. § 552(a)(4)(B) (2007).

### Parties

3.      Plaintiff Electronic Privacy Information Center ("EPIC") is a public interest research

organization incorporated as a not-for-profit corporation in Washington, D.C. EPIC's activities

include the review of federal activities and policies to determine their possible impacts on civil

liberties and privacy interests. Among its other activities, EPIC publishes books, reports, and a bi-

weekly electronic newsletter. EPIC also maintains a heavily visited Internet site,

http://www.epic.org, which contains extensive information regarding privacy issues, including

information EPIC has obtained from federal agencies under the FOIA.

4.      Defendant United States Federal Trade Commission ("FTC" or "Commission") is an

independent commission established in the Executive Branch of the United States Government.

The FTC is an agency within the meaning of 5 U.S.C. § 552(f)(1) (2007).

## Facts

### The FTC's Review of the Google-Doubleclick Merger Raises Questions Regarding a Possible Conflict of Interest Involving the Jones Day Law Firm

5.      On April 13, 2007, Google, Inc. announced an agreement to acquire

Doubleclick, Inc.

6.      On April 20, 2007, EPIC filed a formal petition with the FTC and urged the

Commission to consider the privacy implications of the Google-Doubleclick merger.

7.      The FTC exercised its authority to review the proposed merger.

8.      In early December 2007, EPIC learned of a possible conflict of interest in the merger

review involving the FTC Chairman Deborah Platt Majoras and the Jones Day law firm ("Jones

Day").

9.      On December 12, 2007, the Jones Day's web site stated that "Jones Day is advising

DoubleClick, Inc., the digital marketing technology provider, on the international and U.S. antitrust

and competition law aspects of its planned $3.1 billion acquisition by Google, Inc. ... The

transaction is currently under review by the U.S. Federal Trade Commission and European

Commission."

10.    FTC Chairman Deborah Majoras is a former partner of Jones Day.

11.    Chairman Majoras' husband John M. Majoras is a current Jones Day partner and "the Firm's global coordinator of competition law litigation."

12.    On December 12, 2007, EPIC filed a formal complaint with the Secretary of the Commission requesting that Chairman Majoras recuse herself from the FTC's review of the Google-Doubleclick merger.

13.    Subsequent to the filing of the recusal petition by EPIC, the page on the Jones Day web site that indicated that the firm was representing Doubleclick on the "U.S. antitrust and competition law aspects" of the merger review by the "U.S. Federal Trade Commission" was removed.

14.    On December 14, 2007, Chairman Majoras issued a formal statement and declined to recuse herself from the matter.

15.    In the December 14, 2007 statement, Chairman Majoras referred to a determination by the FTC's Ethics Official regarding her participation in the merger review.

16.    On December 20, 2007, the Commission approved the Google-Doubleclick merger 4-1.

17.    EPIC subsequently learned that two former FTC employees, Geoffrey Oliver and Michael S. McFalls, are employed by Jones Day as a partner and "of counsel," respectively.

## EPIC Submitted FOIA Requests to the FTC Regarding the Possible Conflict of Interest

18.    On December 14, 2007, EPIC transmitted written FOIA requests to the FTC for agency records. EPIC requested the following agency records:

a.  all communications, policy memoranda, reports, legal assessments and other documents regarding the participation of the law firm Jones Day, any employee or agent of the law firm Jones Day, or any spouse of an employee of the law firm Jones Day regarding the Federal Trade Commission's investigation, review, consideration, or assessment of the proposed Google-Doubleclick merger.  Such review specifically includes any documents, materials, and/or reports where the phrase "Jones Day" appears;

b.  all communications, policy memoranda, reports, legal assessments and other documents regarding the participation of the law firm Jones Day, any employee or agent of the law firm Jones Day, or any spouse of an employee of the law firm Jones Day regarding the Federal Trade Commission's investigation, review, consideration, or investigation of consumer privacy complaints. Such review specifically includes any documents, materials, and/or reports where the phrase "Jones Day" appears;

c.  all communications, policy memoranda, reports, legal assessments and other documents regarding the participation of the law firm Jones Day, any employee or agent of the law firm Jones Day, or any spouse of an employee of the law firm Jones Day regarding the Federal Trade Commission's investigation, review, consideration, or assessment the enforcement of consumer privacy law. Such review specifically includes any documents, materials, and/or reports where the phrase "Jones Day" appears;

d.  all communications, policy memoranda, reports, legal assessments and other documents of FTC employee Claudia Bourne Farrell regarding the Google-Doubleclick merger, the investigation of consumer privacy complaints, or the enforcement of consumer privacy laws;

e.  all communications, policy memoranda, reports, legal assessments and other documents of FTC employee Nancy Judy regarding the Google-Doubleclick merger, the investigation of consumer privacy complaints, or the enforcement of consumer privacy laws; and

f.  the "conflict of interest analysis" referenced in the December 14, 2007, statement of the FTC Chairman entitled "Regarding Recusal Petition for Review of Proposed Acquisition of Hellman & Friedman Capital Partners V, LP (DoubleClick, Inc.) By Google, Inc," including all documents related to this matter in the possession of: Deputy General Counsel Christian S. White, and FTC General Counsel William Blumenthal.

19.    On December 17, 2007, EPIC transmitted written FOIA requests to the FTC for agency records.  EPIC requested the following agency records:

a.  all agency records, including memos, email, letters, references in schedule and

appointment books, regarding Mr. Geoffrey Oliver's participation in the review of the Google-Doubleclick matter while at the FTC;

b. all agency records that might address any potential conflicts of interest involving Mr. Oliver at any time he was employed at the FTC, including agency rules and guidelines that may have applied to Mr. Oliver; and

c. all agency records concerning Mr. Michael S. McFalls, after January 1, 2007, including email, letters, references in schedule and appointment books, as well as any other indication of communication between Mr. McFalls and the Commission.

20.    EPIC also asked the FTC to expedite its responses to EPIC's December 14, 2007 and December 17, 2007 FOIA requests ("EPIC's FOIA Requests") on the bases that they pertain to a matter about which there is an urgency to inform the public about an actual or alleged federal government activity, and were made by a person primarily engaged in disseminating information. EPIC made this request pursuant to 5 U.S.C. § 552(a)(6)(E) (2007). Petitioner based the request on the public's and press's interest in the FTC's review of the Google-Doubleclick merger and the possible conflict of interest involving Jones Day.

## The FTC Failed to Make a Determination Regarding EPIC's FOIA Requests and Failed to Produce Any Documents

21.    The FTC transmitted letters to EPIC dated December 17, 2007 ("FTC Letter 1") and December 18, 2007 ("FTC Letter 2").

22.    The FTC Letter 1 and the FTC Letter 2 acknowledged the FTC's receipt of EPIC's FOIA Requests, but did not make any determinations regarding EPIC's FOIA Requests.

23.    The FTC failed to produce any documents in response to EPIC's FOIA Requests.

## EPIC Filed an Administrative Appeal with the FTC

24.    On February 12, 2008, more than twenty working days after the FTC received EPIC's FOIA Requests, EPIC transmitted a written administrative appeal to the FTC ("EPIC's Administrative Appeal").

25.    EPIC's Administrative Appeal appealed the FTC's failure to make a determination regarding EPIC's FOIA Requests.

26.    EPIC's Administrative Appeal also reiterated EPIC's request that the FTC expedite its responses to EPIC's FOIA Requests.

### The FTC Failed to Respond to EPIC's Administrative Appeal and Failed to Produce Any Documents

27.    Through the date of this pleading, which is filed more than twenty working days after the FTC received EPIC's Administrative Appeal, the FTC has neither made a determination regarding EPIC's FOIA Requests, nor responded to EPIC's Administrative Appeal.

28.    Through the date of this pleading, the FTC has failed to produce any documents in response to EPIC's FOIA Requests.

29.    Through the date of this pleading, the FTC has failed to state which documents, if any, it intends to produce in response to EPIC's FOIA Requests and EPIC's Administrative Appeal.

### Count I
### Violation of the FOIA: Failure to Comply With Statutory Deadlines

30.    Paragraphs 1-29 above are hereby incorporated by reference as if set forth fully herein.

31.    The FTC's response to EPIC's FOIA Requests violated the statutory deadlines imposed by the FOIA, including the deadlines set forth in 5 U.S.C. § 552(a)(6)(A) (2007).

32.    EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Requests.

33.    The FTC has wrongly withheld responsive agency records from EPIC.

34.    EPIC is entitled to injunctive relief compelling the release and disclosure of the

requested agency records.

## Requested Relief

WHEREFORE, plaintiff prays that this Court:

A.    order defendant to make a complete determination regarding EPIC's FOIA Requests

within five working days of the date of the Court's Order in this matter;

B.    order defendant to produce all responsive agency records within ten business days of the

Court's Order in this matter;

C.    award plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to

5 U.S.C. § 552(a)(4)(E) (2007); and

D.    grant such other relief as the Court may deem just and proper.

Respectfully submitted,

By:    _____

John Verdi, Esquire (DC Bar # 495764)
Marc Rotenberg, Esquire (DC Bar # 422825)
ELECTRONIC PRIVACY INFORMATION
CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated: March 14, 2008

1-08-448
ESH

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Electronic Privacy Information Center | The United States Federal Trade Commission |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John Verdi, Esquire
Marc Rotenberg, Esquire
Electronic Privacy Information Center
1718 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20009

ATTC

Case: 1:08-cv-00448
Assigned To : Huvelle, Ellen S.
Assign. Date : 3/14/2008
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government Plaintiff

O 3 Federal Question
(U.S. Government Not a Party)

⊙ 2 U.S. Government Defendant

O 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

O **A. Antitrust**

☐ 410 Antitrust

O **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

O **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

O **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

O **E. General Civil (Other)**      OR      O **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ⊙ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 U.S.C. § 552 (2007) - Freedom of Information Act Appeal and Request for Injunctive Relief

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  March 14, 2008    SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.