```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

ELECTRONIC PRIVACY              )
  INFORMATION CENTER,           )
  1718 Connecticut Ave., N.W.   )
  Suite 200                     )
  Washington, D.C. 20009        )
                                )
          Plaintiff,            )
                                )
     v.                         )   Civ. No. 08-0448 (ESH)
                                )
FEDERAL TRADE COMMISSION,       )
  600 Pennsylvania Ave., N.W.   )
  Washington, D.C. 20580,       )
                                )
          Defendant.            )
_____)
```

## ANSWER OF DEFENDANT FEDERAL TRADE COMMISSION

Defendant, Federal Trade Commission (hereinafter, "FTC"), hereby answers the paragraphs of plaintiff's complaint by correspondingly numbered paragraphs as follows:

1. This paragraph is a characterization of plaintiff's action. To the extent that an answer may be deemed necessary, defendant denies and states that plaintiff is not entitled to any relief in this action.

2. Defendant admits only that the Court has jurisdiction under the Freedom of Information Act ("FOIA"), pursuant to 5 U.S.C. § 552(a)(4)(B), to enjoin defendant from withholding agency records and to order the production of any agency records improperly withheld from plaintiff, and that, pursuant to 28

U.S.C. § 1331, original jurisdiction of actions brought pursuant to 5 U.S.C. § 552(a)(4)(B) is in the United States district courts.

    3.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, denies.

    4.    Admits.

    5.    Admits.

    6.    Admits only that Electronic Privacy Information Center ("EPIC") filed a Complaint on April 20, 2007 regarding the FTC's investigation of Google's proposed acquisition of DoubleClick.

    7.    Admits.

    8.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, denies.

    9.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, denies.

    10.    Admits that former Chairman Deborah Platt Majoras was formerly a partner at the Jones Day law firm.

    11.    Admits.

    12.    Admits only that EPIC filed a Complaint with the FTC on December 12, 2007.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, denies.

14. Admits only that Chairman Majoras issued on December 14, 2007 a "Statement of Chairman Deborah Platt Majoras concerning Petition Seeking My Recusal from Review of Proposed Acquisition of Hellman & Friedman Capital Partners V, LP (DoubleClick Inc.) by Google, Inc.," in which she stated, "I have determined not to recuse myself from this matter because the relevant laws and rules, as detailed [therein], neither require nor support recusal."

15. Admits.

16. Admits only that the FTC voted to close its investigation of Google's proposed acquisition of DoubleClick on December 20, 2007.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, denies.

18. Admits.

19. Admits.

20. Admits only that EPIC requested the FTC expedite its responses to the requests referenced in paragraphs 18-19.

21. Admits.

22. Admits.

23. Denies, and avers by letter dated April 16, 2008, defendant released to plaintiff certain records responsive to plaintiff's access request..

24. Defendant never received this appeal and is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, denies.

25. Defendant never received this appeal and is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, denies.

26. Defendant never received this appeal and is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, denies.

27. Defendant never received this appeal and admits only that it had not made a determination regarding the FOIA requests or responded to any appeal on or before March 14, 2008.

28. Admits only that the FTC did not grant access to any documents on or before March 14, 2008.

29. Admits only that the FTC did not state which of the responsive documents would be released to EPIC, if any, on or before March 14, 2008, and avers that by letters dated March 27, 2008, and April 16, 2008, defendant informed plaintiff of which documents would be released in response to plaintiff's access

requests.

30. Defendant incorporates its responses to paragraphs 1-29 herein.

31. Denies.

32. Denies.

33. Denies.

34. Denies.

The remainder of plaintiff's Complaint is a request for relief. Defendant denies that plaintiff is entitled to the relief requested, or to any relief whatsoever.

Except to the extent expressly admitted or qualified above, defendant denies each and every allegation in the Complaint.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226