UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER <br> 1718 Connecticut Ave., N.W. <br> Suite 200 <br> Washington, DC 20009 <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES FEDERAL TRADE COMMISSION <br> 600 Pennsylvania Avenue, N.W. <br> Washington, D.C. 20580 <br><br> Defendant. | Civil Action No. 08-0448 (ESH) |

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF**

1. Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff hereby files its First Amended Complaint with consent of Defendant's counsel.

2. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2007), for injunctive and other appropriate relief, seeking the release of agency records requested by the Electronic Privacy Information Center from the United States Federal Trade Commission.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) (2007) and 5 U.S.C. § 552(a)(6)(C)(i) (2007). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (2007). Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) (2007).

1

**Parties**

4.     Plaintiff Electronic Privacy Information Center ("EPIC") is a public interest research organization incorporated as a not-for-profit corporation in Washington, D.C. EPIC's activities include the review of federal activities and policies to determine their possible impacts on civil liberties and privacy interests. Among its other activities, EPIC publishes books, reports, and a bi-weekly electronic newsletter. EPIC also maintains a heavily visited Internet site, http://www.epic.org, which contains extensive information regarding privacy issues, including information EPIC has obtained from federal agencies under the FOIA.

5.     Defendant United States Federal Trade Commission ("FTC" or "Commission") is an independent commission established in the Executive Branch of the United States Government. The FTC is an agency within the meaning of 5 U.S.C. § 552(f)(1) (2007).

**Facts**

**The FTC's Review of the Google-Doubleclick Merger Raises Questions Regarding a Possible Conflict of Interest Involving the Jones Day Law Firm**

6.     On April 13, 2007, Google, Inc. announced an agreement to acquire Doubleclick, Inc.

7.     On April 20, 2007, EPIC filed a formal petition with the FTC and urged the Commission to consider the privacy implications of the Google-Doubleclick merger.

8.     The FTC exercised its authority to review the proposed merger.

9.     In early December 2007, EPIC learned of a possible conflict of interest in the merger review involving the FTC Chairman Deborah Platt Majoras and the Jones Day law firm ("Jones Day").

10.    On December 12, 2007, the Jones Day's web site stated that "Jones Day is advising DoubleClick, Inc., the digital marketing technology provider, on the international and U.S. antitrust

and competition law aspects of its planned $3.1 billion acquisition by Google, Inc. … The transaction is currently under review by the U.S. Federal Trade Commission and European Commission."

11. FTC Chairman Deborah Majoras is a former partner of Jones Day.

12. Chairman Majoras' husband John M. Majoras is a current Jones Day partner and "the Firm's global coordinator of competition law litigation."

13. On December 12, 2007, EPIC filed a formal complaint with the Secretary of the Commission requesting that Chairman Majoras recuse herself from the FTC's review of the Google-Doubleclick merger.

14. Subsequent to the filing of the recusal petition by EPIC, the page on the Jones Day web site that indicated that the firm was representing Doubleclick on the "U.S. antitrust and competition law aspects" of the merger review by the "U.S. Federal Trade Commission" was removed.

15. On December 14, 2007, Chairman Majoras issued a formal statement and declined to recuse herself from the matter.

16. In the December 14, 2007 statement, Chairman Majoras referred to a determination by the FTC's Ethics Official regarding her participation in the merger review.

17. On December 20, 2007, the Commission approved the Google-Doubleclick merger 4-1.

18. EPIC subsequently learned that two former FTC employees, Geoffrey Oliver and Michael S. McFalls, are employed by Jones Day as a partner and "of counsel," respectively.

**EPIC Submitted FOIA Requests to the FTC Regarding the Possible Conflict of Interest**

19. On December 14, 2007, EPIC transmitted written FOIA requests to the FTC for agency records. EPIC requested the following agency records:

   a. all communications, policy memoranda, reports, legal assessments and other documents regarding the participation of the law firm Jones Day, any employee or agent of the law firm Jones Day, or any spouse of an employee of the law firm Jones Day regarding the Federal Trade Commission's investigation, review, consideration, or assessment of the proposed Google-Doubleclick merger. Such review specifically includes any documents, materials, and/or reports where the phrase "Jones Day" appears;

   b. all communications, policy memoranda, reports, legal assessments and other documents regarding the participation of the law firm Jones Day, any employee or agent of the law firm Jones Day, or any spouse of an employee of the law firm Jones Day regarding the Federal Trade Commission's investigation, review, consideration, or investigation of consumer privacy complaints. Such review specifically includes any documents, materials, and/or reports where the phrase "Jones Day" appears;

   c. all communications, policy memoranda, reports, legal assessments and other documents regarding the participation of the law firm Jones Day, any employee or agent of the law firm Jones Day, or any spouse of an employee of the law firm Jones Day regarding the Federal Trade Commission's investigation, review, consideration, or assessment the enforcement of consumer privacy law. Such review specifically includes any documents, materials, and/or reports where the phrase "Jones Day" appears;

   d. all communications, policy memoranda, reports, legal assessments and other documents of FTC employee Claudia Bourne Farrell regarding the Google-Doubleclick merger, the investigation of consumer privacy complaints, or the enforcement of consumer privacy laws;

   e. all communications, policy memoranda, reports, legal assessments and other documents of FTC employee Nancy Judy regarding the Google-Doubleclick merger, the investigation of consumer privacy complaints, or the enforcement of consumer privacy laws; and

   f. the "conflict of interest analysis" referenced in the December 14, 2007, statement of the FTC Chairman entitled "Regarding Recusal Petition for Review of Proposed Acquisition of Hellman & Friedman Capital Partners V, LP (DoubleClick, Inc.) By Google, Inc," including all documents related to this matter in the possession of: Deputy General Counsel Christian S. White, and FTC General Counsel William Blumenthal.

20. On December 17, 2007, EPIC transmitted written FOIA requests to the FTC for agency records. EPIC requested the following agency records:

   a. all agency records, including memos, email, letters, references in schedule and appointment books, regarding Mr. Geoffrey Oliver's participation in the review of the Google-Doubleclick matter while at the FTC;

   b. all agency records that might address any potential conflicts of interest involving Mr. Oliver at any time he was employed at the FTC, including agency rules and guidelines that may have applied to Mr. Oliver; and

   c. all agency records concerning Mr. Michael S. McFalls, after January 1, 2007, including email, letters, references in schedule and appointment books, as well as any other indication of communication between Mr. McFalls and the Commission.

21. EPIC also asked the FTC to expedite its responses to EPIC's December 14, 2007 and December 17, 2007 FOIA requests ("EPIC's FOIA Requests") on the bases that they pertain to a matter about which there is an urgency to inform the public about an actual or alleged federal government activity, and were made by a person primarily engaged in disseminating information. EPIC made this request pursuant to 5 U.S.C. § 552(a)(6)(E) (2007). Petitioner based the request on the public's and press's interest in the FTC's review of the Google-Doubleclick merger and the possible conflict of interest involving Jones Day.

22. EPIC's FOIA Requests were transmitted by facsimile to the FTC at (202) 326-2477. EPIC received automated facsimile statements confirming the FTC's receipt of the transmittals.

**The FTC Failed to Make a Determination Regarding EPIC's FOIA Requests and Failed to Produce Any Documents**

23. The FTC transmitted letters to EPIC dated December 17, 2007 ("FTC Letter 1") and December 18, 2007 ("FTC Letter 2").

24. The FTC Letter 1 and the FTC Letter 2 acknowledged the FTC's receipt of EPIC's FOIA Requests, but did not make any determinations regarding EPIC's FOIA Requests.

25. The FTC failed to produce any documents in response to EPIC's FOIA Requests in conjunction with the FTC Letter 1 and the FTC Letter 2.

### EPIC Filed an Administrative Appeal with the FTC

26. On February 12, 2008, more than twenty working days after the FTC received EPIC's FOIA Requests, EPIC transmitted a written administrative appeal to the FTC ("EPIC's Administrative Appeal").

27. EPIC's Administrative Appeal was transmitted by facsimile to the FTC at (202) 326-2477. EPIC received an automated facsimile statement confirming the FTC's receipt of the transmittal.

28. EPIC's Administrative Appeal appealed the FTC's failure to make a determination regarding EPIC's FOIA Requests.

29. EPIC's Administrative Appeal also reiterated EPIC's request that the FTC expedite its responses to EPIC's FOIA Requests.

### The FTC Failed to Respond to EPIC's Administrative Appeal and Failed to Produce Any Documents

30. Through March 14, 2008, the date EPIC's original Complaint in this action and more than twenty working days after the FTC received EPIC's Administrative Appeal, the FTC had neither made a determination regarding EPIC's FOIA Requests, nor responded to EPIC's Administrative Appeal.

31. Through March 14, 2008, the FTC had failed to produce any documents in response to EPIC's FOIA Requests.

32. Through March 14, 2008, the FTC had failed to state which documents, if any, it intended to produce in response to EPIC's FOIA Requests and EPIC's Administrative Appeal.

**EPIC Filed This Lawsuit, and the FTC Responded to EPIC's FOIA Requests**

33.     On March 14, 2008, EPIC filed this lawsuit.

34.     On March 27, 2008, the FTC responded to EPIC's December 17, 2007 FOIA Request. The FTC stated that it located five pages of responsive agency records, asserted that the records were wholly exempt from disclosure, and refused to disclose the records.

35.     On April 16, 2008, the FTC responded to EPIC's December 14, 2007 FOIA Request. The FTC stated that it located approximately 2000 pages of potentially responsive agency records. The FTC further stated that it located approximately 500 pages of responsive, non-duplicative agency records.

36.     The FTC disclosed 254 pages of documents to EPIC.

37.     Pursuant to alleged exemptions, the FTC redacted portions of these documents.

38.     The FTC asserted that the balance of the responsive, non-duplicative records (approximately 250 pages) were wholly exempt from disclosure, and refused to disclose the records.

**Count I**
**Violation of the FOIA: Failure to Disclose Responsive Agency Records**

39.     Paragraphs 1-38 above are hereby incorporated by reference as if set forth fully herein.

40.     In responding to EPIC's FOIA Requests, the FTC violated the FOIA by failing to disclose agency records to EPIC that must be disclosed pursuant to the FOIA.

41.     The FTC failed to disclose such agency records by, *inter alia*: 1) withholding responsive agency records pursuant to alleged exemptions although the alleged exemptions do not apply to the withheld records; and 2) withholding responsive agency records although nonexempt portions of the records are reasonably segregable from exempt portions.

42.     EPIC is entitled to injunctive relief compelling the release and disclosure of the

requested agency records.

43. EPIC is further entitled to recover its attorneys' fees and costs in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

## Count II
### Violation of the FOIA: Failure to Comply With Statutory Deadlines

44. Paragraphs 1-43 above are hereby incorporated by reference as if set forth fully herein.

45. The FTC's responses to EPIC's FOIA Requests violated the statutory deadlines imposed by the FOIA, including the deadlines set forth in 5 U.S.C. § 552(a)(6)(A) (2007).

46. EPIC exhausted the applicable administrative remedies with respect to EPIC's FOIA Requests.

47. The FTC wrongly withheld responsive agency records from EPIC prior to March 14, 2008, the date EPIC filed this lawsuit.

48. The FTC disclosed some agency records responsive to EPIC's FOIA Requests after EPIC filed this lawsuit.

49. As a result of EPIC's lawsuit, the FTC changed its position, and EPIC's claim is not insubstantial.

50. Therefore, EPIC is entitled to recover its attorneys' fees and costs in this action pursuant to 5 U.S.C. § 552(a)(4)(E) (2007).

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

A. order defendant to produce all responsive agency records within fourteen days of the Court's Order in this matter;

B. order defendant to file, within fourteen days of the date of the Court's Order in this

  matter, a "*Vaughn* Index," *i.e.* an affidavit: 1) identifying each document withheld from disclosure; 2) stating defendant's claimed statutory exemption as to each withheld document (or portion of a document); and 3) explaining why each withheld document is exempt from disclosure;

C. award plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) (2007); and

D. grant such other relief as the Court may deem just and proper.

             Respectfully submitted,

       By:     */s/*
         John Verdi, Esquire (DC Bar # 495764)
         Marc Rotenberg, Esquire (DC Bar # 422825)
         ELECTRONIC PRIVACY INFORMATION CENTER
         1718 Connecticut Avenue, N.W.
         Suite 200
         Washington, D.C. 20009
         (202) 483-1140 (telephone)
         (202) 483-1248 (facsimile)

Dated: May 9, 2008